William F. Dougherty (WD-8719)
Burke & Parsons
100 Park Avenue
New York NY  10017-5533
(212) 354-3800

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **EGYPTIAN BULK CARRIERS S.A.E.,** | 07 CV 8162 (CM) |
| Plaintiff, | |
| -against- | VERIFIED ANSWER AND COUNTERCLAIM |
| **VENUS INTERNATIONAL FREE ZONE, LOADING AND UNLOADING S.A.E.,** | Electronically Filed |
| Defendants. | |

    Defendant Venus International Free Zone Loading and Unloading S.A.E. ("Venus International"), by its attorneys Burke & Parsons, as such for its Answer to the Complaint of Egyptian Bulk Carriers, S.A.E. (the "Plaintiff"), and as and for its counterclaim against Plaintiff, alleges, upon information and belief, as follows:

    1.    Admits the allegations contained in paragraph 1 of the Plaintiff's Complaint.

    2.    Admits the allegations contained in paragraph 3 of the Plaintiff's Complaint.

    3.    Admits the allegations contained in paragraph 5 of the Plaintiff's Complaint.

    4.    Denies the allegations contained in paragraph 6 of the Plaintiff's Complaint.

    5.    Denies the allegations contained in paragraph 7 of the Plaintiff's Complaint.

    6.    Denies the allegations contained in paragraph 9 of the Plaintiff's Complaint.

7.  Denies knowledge or information sufficient to form a belief as to the truth contained in paragraph 2 of the Plaintiff's Complaint.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Plaintiff's Complaint except admits that Plaintiff's claims against Venus International and Venus International's counterclaims, as described below, are subject to arbitration in London governed by English law pursuant to the terms of the Charter Party.

9.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Plaintiff's Complaint and respectfully refers all questions of law to the Honorable Court.

11. With regard to paragraph 4 of the Plaintiff's Complaint, repeats and realleges each and every admission, denial and denial of knowledge or information made with respect to the allegations of paragraphs 1 through 3 of the Plaintiff's Complaint.

## AS AND FOR A FIRST COUNTERCLAIM AGAINST PLAINTIFF EGYPTIAN BULK CARRIERS, S.A.E., DEFENDANT VENUS INTERNATIONAL ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS

12. Defendant Venus International repeats and realleges each and every admission, denial, denial of knowledge or information and allegation contained in paragraphs 1 through 11 of this Answer and Counterclaim with the same force and effect as if set forth at length herein.

13. Plaintiff and Defendant Venus International entered into a voyage charter party, dated December 9, 2006 (the "Charter"), which provided for the carriage of a cargo of yellow corn, in bulk, from New Orleans to Dekhaila, Egypt, aboard the M/V MEDI GENOVA (the "Vessel").

14. Defendant Venus International discharged the Vessel's cargo at the discharge port of Dekhaila in less time than was allowed by the Charter as laytime during discharge operations, thereby earning despatch in the principal amount of $58,677.00.

15. Plaintiff has refused or neglected to pay any part of its despatch liability of $58,677.00 to Defendant Venus International.

16. By reason of the foregoing, Defendant Venus International has suffered damages in the principal amount of $58,677.00 and is entitled to interest, attorneys' fees and costs as set forth below.

### AS AND FOR A SECOND COUNTERCLAIM AGAINST PLAINTIFF EGYPTIAN BULK CARRIERS, S.A.E., DEFENDANT VENUS INTERNATIONAL ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS

17. Defendant Venus International repeats and realleges each and every admission, denial, denial of knowledge or information and allegation contained in paragraphs 1 through 15 of this Answer and Counterclaim with the same force and effect as if set forth at length herein.

18. Although the Charter provided for a cancellation date of January 25, 2007, the Vessel did not arrive at her load port until February 3, 2007.

19. As a consequence of the Plaintiff's failure to tender the Vessel before the Charter's cancellation date, Defendant Venus International incurred certain carrying charges, in the total principal amount of $208,718.04, in favor of its cargo supplier.

20. The Charter provided that Plaintiff would be fully responsible for any and all carrying and storage charges, and interest thereon, which may be assessed by cargo suppliers against Defendant Venus International in the event of a failure to tender the Vessel prior to the Charter's cancellation date.

21. Although Defendant Venus International has invoiced Plaintiff for the $208,718.04 in carrying charges incurred as a result of Plaintiff's failure to tender the Vessel before the Charter's cancellation date, Plaintiff has remitted only $170,000, leaving an unpaid balance of $38,718.04 in carrying charges owed by Plaintiff to Defendant Venus International.

22. By reason of the foregoing, Defendant Venus International has suffered damages in the amount of $38,718.04 and is entitled to interest, attorneys' fees and costs as set forth below.

23. Interest, costs and attorneys' fees are routinely awarded to the prevailing party in arbitration proceedings conducted under English law. As can best be estimated at this point, Defendant Venus International expects to recover the following amount from the Plaintiff on its two counterclaims:

| | | |
|---|---|---:|
| A. | Despatch Claim | $58,677.00 |
| B. | Carrying Charge Claim | 38,718.04 |
| C. | Interest on Both Claims (3 years at 8.25%) | 27,036.73 |
| D. | Attorneys' Fees and Arbitration Costs | 167,000.00 |
| | TOTAL | $291,431.77 |

WHEREFORE, Defendant Venus International prays that:

1. The Plaintiff's Complaint be dismissed and the attachment of Defendant Venus International's property be vacated, with costs, disbursements and reasonable attorneys' fees;

2. That pursuant to Rule E(7)(a) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Court order that Plaintiff provide security to Defendant Venus International for the damages demanded in its counterclaims in the total amount of $291,431.77;

3. That this action be stayed pending the arbitration of the parties' claims and counterclaims in London and the parties be ordered to proceed to arbitrate their claims and counterclaims in London, as agreed in the Charter; and

4. For such other and further relief as to this Court may seem just and equitable.

Dated: New York NY
October 23, 2007

        BURKE & PARSONS
        Attorneys for Defendant
        Venus International Free Zone, Loading
        and Unloading S.A.E.

        _____
        William F. Dougherty (WD-8719)
        100 Park Avenue
        New York NY 10017-5533
        (212) 354-3800

TO: Cardillo & Corbett
     Attn: Tulio Prieto, Esq.
     Attorneys for Plaintiff
     29 Broadway
     New York NY 10006

## VERIFICATION

STATE OF NEW YORK    )

COUNTY OF NEW YORK)

William F. Dougherty, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Burke & Parsons, attorneys for the Defendant.

2. I have read the foregoing Verified Answer and Counterclaim and I believe the contents thereof are true.

3. This Verification has been made by deponent and not by Defendant because Defendant is a foreign corporation, and has no officers or directors within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Defendant.

_____
William F. Dougherty

Sworn to before me this
23rd day of October 2007.

_____
Notary Public

Penny S. Martinez
Notary Public State of New York
No. 01MA4865021 Qualified in Suffolk County
Certificate Filed in New York County
Commission Expires 29 September 2010

0001_S00.DOC